**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6730**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONTAVIOUS KYREE LYONS,

Defendant - Appellant.

**No. 21-6731**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONTAVIOUS KYREE LYONS,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:18-cr-00052-CCE-2; 1:18-cr-00254-CCE-1; 1:20-cv-00376-CCE-LPA)

Submitted: September 9, 2021                    Decided: September 14, 2021

Before MOTZ, KING, and WYNN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Jontavious Kyree Lyons, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jontavious Kyree Lyons seeks to appeal the district court's order accepting the magistrate judge's recommendation and denying relief on Lyons' 28 U.S.C. § 2255 motion.[1] We dismiss the appeals for lack of jurisdiction because Lyons failed to file a timely notice of appeal.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on June 10, 2020. Lyons filed a notice of appeal, at the earliest, on March 31, 2021.[2] Because Lyons failed to file a timely notice of appeal or obtain an extension or reopening of the appeal period, we dismiss the appeals.

---

[1] Although Lyons was charged and convicted in two separate criminal cases, the district court issued a single order denying Lyons' present § 2255, which listed the case numbers for both cases.

[2] For purposes of these appeals, we assume that the date on Lyons' notice of appeal was the earliest date it could have been properly delivered to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*